WO          IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


IDITASPORT ALASKA,                  )
                                    )
                                    )
                        Plaintiff,  )
                                    )
        vs.                         )
                                    )
KATHARINA MERCHANT, et al.,         )
                                    )          No. 3:18-cv-0068-HRH
                        Defendants. )
_____)


O R D E R

Motion to Disqualify

Plaintiff moves[1] to disqualify Kyle P. Durand and Precept Law Group, PLLC as
counsel for defendants.  This motion is opposed.[2]  Oral argument was not requested and is
not deemed necessary.

Plaintiff Iditasport Alaska commenced this action on March 9, 2018 against
defendants Katharina Merchant; Kyle Durand; Kevin Robbins; Alaska Ultra Sport LLC;
Winter Ultra, LLC; and Intrepid, LLC.  In its complaint, plaintiff asserts trademark, unfair
competition, cyberpiracy, and conspiracy claims against defendants.

_____

[1]Docket No. 28.

[2]Docket No. 32.

-1-

On May 1, 2018, Durand filed a <u>pro</u> <u>hac</u> <u>vice</u> motion and a declaration in support of his motion.[3]  On May 2, 2018, Durand's motion was granted.[4]  The instant motion to disqualify Durand and Precept Law Group followed.

Plaintiff first argues that Durand must be disqualified because as a named defendant in this case, he will be called upon to testify at trial.  In support of this argument, plaintiff cites to Alaska Rule of Professional Conduct 3.7(a),[5] which provides:

> A lawyer shall not act as advocate at trial in which the lawyer is likely to be a necessary witness unless:
>
> (1)  the testimony relates to an uncontested issue;
>
> (2)  the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3)  disqualification of the lawyer would work substantial hardship on the client.

Plaintiff argues that Durand will likely be a necessary witness because of his "integral involvement as a principal participant in the facts of this matter."[6]

Assuming that Durand is likely to be a necessary witness in this case as plaintiff contends, his disqualification pursuant to Rule 3.7 is not required at this time because this

---

[3]Docket Nos. 24 and 25.

[4]Docket No. 27.

[5]D. Ak. Local Rule 83.1(i) provides that attorneys permitted to appear before this court must comply with the Alaska Rules of Professional Conduct.

[6]Reply in Support of Motion to Disqualify [etc.] at 2, Docket No. 33.

case is not yet at the trial stage. Alaska Rule of Professional Conduct 3.7(a) prohibits lawyers who are likely to be necessary witnesses from acting as trial counsel. On its face, the rule does not prohibit a lawyer who may testify at trial from being involved in pretrial proceedings. This reading of Alaska Rule of Professional Conduct 3.7(a) is consistent with other jurisdictions' interpretation of similar rules. See, e.g., Culebras Enterprises Corp. v. Rivera-Rios, 846 F.2d 94, 99 (1st Cir. 1988) ("Rule 3.7 is limited to situations where the lawyer-witness acts as trial counsel"); DiMartino v. Eighth Judicial Dist. Court ex rel. County of Clark, 66 P.3d 945, 947 (Nev. 2003) ("[b]ecause the rule is meant to eliminate any confusion and prejudice that could result if an attorney appears before a jury as an advocate and as a witness, pretrial disqualification generally is not necessary"); United States v. Castellano, 610 F. Supp. 1151, 1167 (D.C.N.Y. 1985) (lawyer-witness "may continue to participate fully in the pre-trial stage of this case"); Burch–Lucich v. Lucich, Civ. No. 1:13–00218–BLW, 2013 WL 5876317, at *9 (D. Idaho Oct. 31, 2013) (Rule 3.7 "does not prevent a lawyer/witness from representing a client during pretrial proceedings").

However, if Durand has been as involved in the facts of this matter as plaintiff contends, then defendants might do well to find another lawyer to represent them sooner rather than later. Durand may not represent defendants through the pretrial stages of this case, knowing that he is likely to be a necessary witness, and then later claim that his disqualification at trial would work a substantial hardship on his clients. But, for now, Durand will not be disqualified pursuant to Rule 3.7.

Plaintiff next argues that if Durand is disqualified, then Precept Law Group should also be disqualified. Because Durand is not being disqualified at this time, there is no reason to disqualify his law firm now either. The court would note however that based on evidence submitted by plaintiff,[7] Durand appears to be the sole attorney in Precept Law Group. Thus, if Durand is at some point disqualified because he is a necessary witness at trial, Precept Law Group will also be disqualified as there is no other lawyer in the firm who could represent defendants.

Plaintiff also takes issue with Durand's pro hac vice motion. First, plaintiff argues that Durand did not comply with D. Ak. Local Rule 83.1(d)(1) because he did not associate with local counsel. Local Rule 83.1(d)(1) provides that "non-local counsel will ordinarily be required to associate with an active member of the bar of this court" and that "[m]otions for leave to participate without local counsel will not be approved as a matter of course[.]"

This argument is meritless. The court may allow non-local counsel to participate without local counsel, which it did in Durand's case.

Second, plaintiff argues that Durand did not comply with D. Ak. Local Rule 83.1(d)(4) which requires that a pro hac vice motion be accompanied by an affidavit or declaration containing certain information. In its opening brief, plaintiff contends that Durand did not provide any affidavit or declaration in support of his pro hac vice motion. In its reply brief, plaintiff acknowledges that Duran did provide such a declaration at Docket

---

[7]Exhibit A, Reply in Support of Motion to Disqualify [etc.], Docket No. 33.

No. 25.  However, plaintiff points out that Durand neglected to answer the two yes or no questions regarding disciplinary proceedings, suspensions, and disbarments on the form Non-Eligible Attorney Declaration.  Durand shall promptly file an updated Declaration of Non-Eligible Attorney that includes this information.  If the answer to either or both of these questions is yes, the court will reconsider Durand's pro hac vice motion.  But for now, plaintiff's motion to disqualify[8] Durand and Precept Law Group is denied.

DATED at Anchorage, Alaska, this 23rd day of May, 2018.

/s/ H. Russel Holland
United States District Judge

---

[8]Docket No. 28.